IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JORGE ELIAS CARCAMO ORELLANA     *
   4733 Silver Hill Rd.                  *
   Suitland, MD 20746                  *
                                     *

         Plaintiff,                *
                                     *

       v.                          *    Case No. _____
                                     *

SEAFOOD PALACE BUFFET, INC. D/B/A    *
RIO BUFFET AND BAR              *
   Serve: Kong Cheng Wang         *
   3745 A. Branch Avenue         *
   Hillcrest Heights, MD 20748     *
                                     *

         Defendant.              *
*************************************************************************

## COLLECTIVE ACTION COMPLAINT

Plaintiff Jorge Elias Carcamo Orellana (hereinafter "Plaintiff"), by and through his undersigned counsel, hereby submit this Complaint against Seafood Palace Buffet, Inc. d/b/a/ Rio Buffet and Bar (hereinafter "Defendant") for violations of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et. seq.* (hereinafter "FLSA") and the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq.* (hereinafter "MWHL").

### PARTIES AND JURISDICTION

1.     Plaintiff Jorge Elias Carcamo Orellana is over twenty-one years of age and a resident of the State of Maryland.

2.     Plaintiff's consent to participate as a plaintiff in a collective action is attached hereto as Exhibit A.

3.    Seafood Palace Buffet, Inc. is a corporation formed under the laws of the State of Maryland with its principal office at 3745 A Branch Ave. Hillcrest Heights, MD 20748.

4.    At all times relevant to this action – May 13, 2011 through the present – Seafood Palace Buffet operated continuously as a restaurant in the State of Maryland.

5.    At all times relevant, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA - 29 U.S.C. § 203(s)(l).

6.    At all times relevant, Defendant qualified as an "enterprise" within the meaning of the FLSA - 29 U.S.C. § 203(r).

7.    At all times relevant, Defendant employed two or more employees who handled goods that had previously moved through commerce.

8.    At all times relevant, Defendant has had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

9.    This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 - Federal Question.

10.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

11.    Defendant is a buffet style restaurant in Temple Hills Maryland.

12.    Mr. Carcamo Orellana worked as a cook for Defendant from May 2, 2013 to March 11, 2014.

2

13.     At all times throughout the course of Mr. Carcamo Orellana's employment, Mr. Mr. Carcamo Orellana typically and customarily worked about seventy-four (74) hours per week.

14.     At all times throughout the course of Mr. Carcamo Orellana's employment, Defendant had knowledge that Mr. Carcamo Orellana typically worked about seventy-four (74) hours per week or suffered or permitted Mr. Carcamo Orellana to work about seventy-four (74) hours per week.

15.     From roughly May 2, 2013 until October 2013, Defendant paid Mr. Carcamo Orellana roughly $650.00 bimonthly.   From roughly October 2013 until February 20014, Defendant paid Mr. Carcamo Orellana roughly $825.00 bimonthly.   From roughly February 2014 until March 11, 2014, Defendant paid Mr. Carcamo Orellana roughly $875.00 bimonthly.

16.     Defendant issued Mr. Carcamo Orellana paychecks.  However, these checks in no way comported with the actual number of hours that Plaintiff worked.   The paychecks showed 80 hours of pay at $7.25 per hour.  Defendant paid the remaining salary via cash.  This is done in an effort to hide Defendant's overtime violations.

17.     Therefore, Defendant paid Mr. Carcamo Orellana a salary, irrespective of the number of hours that Mr. Carcamo Orellana actually worked.  Defendant did not pay Mr. Carcamo Orellana time and a half his "regular rate" for the hours he worked over forty.

18.     Additionally, from December 15, 2010 to approximately June 1, 2012, Mr. Carcamo Orellana's regular rate was less than $7.25 per hour.  Defendant did not pay Mr. Carcamo Orellana the minimum wage prescribed by the FLSA and the MWHL.

19.     At no time during Plaintiff's employment did Defendant pay Plaintiff at the rate of one-and-one-half (1½) times Plaintiff's regular rates of pay for hours worked each week in excess of forty (40).

20.    At no time did Plaintiff perform work that meets the definition of exempt work under the MWHL or FLSA.

21.    Defendant's failure to pay Plaintiff minimum wages and overtime, as required by the FLSA and the MWHL, was willful and intentional.  This is evident from the fraudulent pay records that Defendant provided Plaintiff.

## OTHER PUTATIVE PLAINTIFFS

22.    Plaintiff is aware of other current and former employees of Defendant who are similarly situated and who should have the opportunity to "opt-in" to this action to assert their rights to unpaid overtime wages under the FLSA against Defendant.

23.    Other putative plaintiffs that should be notified of their right to "opt-in" to this action, including all current or past employees of Defendant who worked at any time between May 13, 2011 through the present.

24.    Plaintiff has personal knowledge that other current or former employees of Defendant have not yet joined this action either (1) because they are not aware of their rights to receive minimum wages or overtime pay under the FLSA and MWHL or (2) because they are afraid that if they "opt-in" and assert their rights to overtime compensation under the FLSA and MWHL they will be retaliated against by Defendant.

## CAUSES OF ACTION

### COUNT I
### Fair Labor Standards Act
### (Minimum Wages)

25.    Plaintiff realleges and reasserts each and every allegation set forth herein, as if each were set forth herein.

26.    The FLSA provides that no employer shall employ any employee at an hourly

wage of less than the Federal Minimum Wage, currently $7.25 per hour.  29 U.S.C. § 206(a)(1).

27.     At all times, Plaintiff and all other similarly situated were "employees" covered by the FLSA, 29 U.S.C. § 206(a)(1), and Defendant was the "employer" of  Plaintiff and all others similarly situated.

28.     Defendant was obligated to compensate Plaintiff, and all others similarly situated, for all hours worked at an hourly rate not less than the Federal Minimum Wage.

29.     As set forth above, Defendant paid Mr. Carcamo Orellana, and all other similarly situated employees, a fixed salary, regardless of the number of hours worked.  The regular rate of Mr. Carcamo Orellana and all other similarly situated salaried employees was, at times, below the federal minimum wage.

30.     Defendant failed and refused to properly compensate Plaintiff and all others similarly situated as required by the FLSA for numerous hours worked.

31.     Defendant's failure to pay Plaintiff, and all others similarly situated, wages as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendant is liable to Plaintiff and all others similarly situated employees for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Maryland Wage and Hour Law
### (Minimum Wages)

32.     Plaintiff realleges and reasserts each and every allegation set forth herein, as if each were set forth herein.

33.     Plaintiff, and all others similarly situated, were "employees" and Defendant was Plaintiff's "employer" and the "employer" of all others similarly situated, within the meaning of the MWHL.

34.     Section 413(b)(1) of the MWHL provides that an employer, "shall pay to each employee who is subject to both the federal Act and this subtitle, at least . . . the minimum wage for that employee under the [FLSA] . . ." Md. Code Ann., Lab. & Empl. § 3-413(b)(1).

35.     Defendant was obligated to compensate Plaintiff and all others similarly situated for all hours worked at an hourly rate not less than the Federal Minimum Wage.

36.     As set forth above, Defendant paid Mr. Carcamo Orellana, and all other similarly situated employees, a fixed salary regardless of the number of hours worked.  The regular rate of Mr. Carcamo Orellana and all other similarly situated salaried employees was, at times, below the state and federal minimum wage.

37.     Defendant has failed and refused to properly compensate Plaintiff all others similarly situated as required by the MWHL for numerous hours worked.

38.     Defendant's failure to pay Plaintiff, and all others similarly situated, wages as required by the MWHL was willful and intentional, and not in good faith.

WHEREFORE, Defendant is liable, jointly and severally, to Plaintiff and all others similarly situated, for unpaid minimum wages in such amounts as are proven at trial, plus interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief          this          Court          deems          appropriate.

## COUNT III
### Federal Fair Labor Standards Act
### (Overtime)

39.     Plaintiff realleges and reasserts each and every above, as if each were set forth herein.

40.     The FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

41.     Plaintiff, and all others similarly situated, was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1).

42.     Defendant was the "employer" of Plaintiff, and all others similarly situated, under FLSA, 29 U.S.C. § 207(a)(2).

43.     Defendant, as the employer for Plaintiff, and all others similarly situated, was obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times his regular rate for all hours worked per week in excess of forty (40).

44.     As set forth above, while in Defendant's employ, Plaintiff, and all others similarly situated, worked many overtime hours.

45.     As set forth above, while in Defendant's employ, Defendant failed and refused to compensate Plaintiff, and all others similarly situated, at the FLSA required overtime rate equal to one-and-one-half (1½) times their regularly hourly rate for overtime hours worked each week.

46.     Defendant's failure and refusal to pay Plaintiff, and all others similarly situated, as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff, and all others similarly situated, for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster
Bar Number: 18339
Amster Law Firm, LLC
200-A Monroe Street, Suite 305
Rockville, MD 20850
Telephone: 240-428-1053
Fax: 301-424-8732
mamster@amsterfirm.com